United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                 Case No. 16-12442-elf
Latrice L. Long                                                        Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2         User: admin                Page 1 of 1              Date Rcvd: Nov 02, 2018
                             Form ID: 3180W             Total Noticed: 8

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 04, 2018.
db           +Latrice L. Long,    4250 Paul Street,    Philadelphia, PA 19124-4610
13748635      US DEPT OF EDUCATION,    CLAIMS FILING UNIT,    PO BOX 8973,    MADISON WI 53708-8973

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg           E-mail/Text: megan.harper@phila.gov Nov 03 2018 02:08:59     City of Philadelphia,
               City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
               Philadelphia, PA  19102-1595
smg           E-mail/Text: RVSVCBICNOTICE1@state.pa.us Nov 03 2018 02:08:25
               Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
               Harrisburg, PA  17128-0946
smg          +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Nov 03 2018 02:08:40     U.S. Attorney Office,
               c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13714972      EDI: CAPITALONE.COM Nov 03 2018 06:03:00      Capital One Bank (USA), N.A.,    PO Box 71083,
               Charlotte, NC  28272-1083
13754985      EDI: JEFFERSONCAP.COM Nov 03 2018 06:03:00      Jefferson Capital Systems LLC,    Po Box 7999,
               Saint Cloud Mn 56302-9617
13804514      E-mail/Text: jennifer.chacon@spservicing.com Nov 03 2018 02:09:21
               U.S. Bank National Association,    c/o Select Portfolio Servicing, Inc.,    P.O. Box 65250,
               Salt Lake City, UT 84165-0250
                                                                                              TOTAL: 6

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 04, 2018                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 1, 2018 at the address(es) listed below:
              BRIAN CRAIG NICHOLAS    on behalf of Creditor    Towd Point Master Funding LLC
               bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com
              DAVID M. OFFEN    on behalf of Debtor Latrice L. Long dmo160west@gmail.com,
               davidoffenecf@gmail.com;offendr83598@notify.bestcase.com
              MATTHEW CHRISTIAN WALDT    on behalf of Creditor    Select Portfolio Servicing, Inc. as servicing
               agent for Towd Point mwaldt@milsteadlaw.com, bkecf@milsteadlaw.com
              MATTHEW CHRISTIAN WALDT    on behalf of Creditor    Towd Point Mortgage Trust 2016-4, U.S. Bank
               National Association as Indenture Trustee mwaldt@milsteadlaw.com, bkecf@milsteadlaw.com
              MATTHEW CHRISTIAN WALDT    on behalf of Creditor    U.S. Bank National Association as Indenture
               Trustee for the Towd Point Mortgage Trust Asset-Backed Securities, Series 2016-4
               mwaldt@milsteadlaw.com, bkecf@milsteadlaw.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com
                                                                                              TOTAL: 7

| **Information to identify the case:** | |
|---|---|
| Debtor 1 **Latrice L. Long** | Social Security number or ITIN **xxx–xx–5090** |
| First Name  Middle Name  Last Name | EIN _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | Social Security number or ITIN _ _ _ _ |
| First Name  Middle Name  Last Name | EIN _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court **Eastern District of Pennsylvania** | |
| Case number: **16–12442–elf** | |

# Order of Discharge                                                                                                      12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Latrice L. Long

| 11/1/18 | **By the court:** | Eric L. Frank |
|---|---|---|
| | | United States Bankruptcy Judge |

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**